■ UNIVERSAL PRESCRIPTION ADMINISTRATORS, INC., Appellant, v DOMINICK CASALE et al., Respondents. [687 NYS2d 102] —Order, Supreme Court, Bronx County (Jerry Crispino, J.), entered December 19, 1997, which granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

Plaintiff, the manager/administrator of an employee drug prescription plan, sued the plan's trust fund and trustees for breach of its service contract. The action was dismissed as "pre-empted" by Federal statute (29 USC § 1144 [a]) because it was "related to" an employee benefit plan. This was error.

Federal pre-emption of this field was an effort by Congress to avoid interference with the nationally uniform administration of employee benefit plans (*New York Conference of Blue Cross & Blue Shield Plans v Travelers Ins. Co.,* 514 US 645, 657),

and was not intended to supplant State law or preclude civil litigation in resolving traditional contract and tort disputes (*supra*, at 656, 661; *Mackey v Lanier Collection Agency & Serv.*, 486 US 825, 833). The pre-emption applies to claims and disputes involving the relationship between a plan and its covered employer-participants or employee-beneficiaries, not to commonplace commercial disputes between the plan and its service provider or its own employees (*Thrift Drug v Universal Prescription Adm'rs*, 131 F3d 95, 98; *General Am. Life Ins. Co. v Castonguay*, 984 F2d 1518, 1521-1522). The dispute here was between two commercial entities that shared a standard business relationship, and did not involve the rights or entitlements of participants or beneficiaries under the plan. Accordingly, this was not an action whose pre-emption was intended by the Federal statute. Concur—Williams, J. P., Wallach, Andrias and Saxe, JJ.